Jacob Mabkowitz, J.
This is an action for a permanent injunction, restraining the Police Commissioner from maintaining a uniformed police officer in plaintiff’s restaurant, together with a conspicuously posted sign describing the hotel as “raided premises”. Plaintiff corporation operates a restaurant located in one of the larger East Side mid-town hotels under an eight-year lease which requires it to pay a large rental. The operation represents an investment in excess of $50,000 and employs 11 persons. One of the two stockholders is an author and publisher, while the other has been engaged in the insurance business and in selling elevators.
Plaintiff’s police record consists solely of the arrest of its bartender and two women on the charge that the former, about 3:00 a.m. on May 19, 1961, arranged to and did introduce the latter to two plain-clothed officers for purposes of prostitution, and that the women offered to commit acts of prostitution and left with the officers to go to a suite in the hotel. The bartender and the women were found not guilty after trial in the Magistrates’ Court, and a summons alleging a violation of the State Liquor Law was also dismissed.
After the arrests, the Police Commissioner stationed a uniformed policeman on the premises and caused a sign to be posted therein which read “ This is a raided premises — Police Department of New York”. On June 29, 1961, Mr. Justice Epstein granted a temporary injunction restraining the Commissioner from continuing to keep a policeman and the sign on the premises. In the meantime, plaintiff’s receipts had suffered a large decrease, jeopardizing the investment made therein by its stockholders.
After the arrests occurred, plaintiff immediately dismissed the bartender and engaged new help. One of the two stockholders and his wife since have taken turns staying at the restaurant to supervise its operation. Concededly, the police, who continued to keep the premises under surveillance, after the withdrawal of the police officer and the removal of the sign, found no evidence of any wrongdoing. Police testimony established that the restaurant has been operated prior to and since *911 the May incident properly and in the same way in which all the better restaurants in mid-town hotels are run.
Section 435 of the New York City Charter imposes the duty upon the Police Commissioner to prevent crime. It is well settled, however, that in order to justify his maintenance of a police officer and a “ raided premises ” sign on private property, to the great damage of the business there conducted, the Commissioner must show the existence of reasonable basis for an expectation or apprehension that otherwise crimes would be committed on the premises. This he has not established in the instant case. The court recognizes that the acquittals in a criminal court, where guilt must be proved beyond a reasonable doubt, are not conclusive in a civil action such as this. Nevertheless, the incident of May 19 is the sole instance of arrests on the premises prior to and since they have been operated by plaintiff, and the latter has undeniably taken all steps reasonably possible to prevent a recurrence. Admittedly, there has been no such recurrence. Moreover, plaintiff has not been shown to have been in any way connected with the acts of any of the persons involved or of its bartender on May 19. The latter’s betrayal of his employer’s trust is something which can, and undoubtedly, does, occur in the best of all hotel establishments.
In the court’s opinion, the evidence falls far short of establishing the existence of reasonable basis for anticipating repetitions of what occurred on May 19 and, therefore, does not warrant the treatment of the restaurant in the hotel as “ raided premises ”, with the consequent impairment or destruction of plaintiff’s business. Judgment is accordingly directed for plaintiff granting the injunctive relief sought.